**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**


**DEAN SCARBROUGH and LIBBY SCARBROUGH**                                   **PLAINTIFFS**


**V.**                                                    **CIVIL ACTION NO.1:06CV71 LTS-RHW**


**ALLSTATE INSURANCE COMPANY
and BRENDA PACE**                                                          **DEFENDANTS**


## MEMORANDUM OPINION

The Court has before it Defendant Brenda Pace's motion to dismiss. For the reasons set out below, the motion to dismiss will be denied, and this action will be remanded to the County Court for Harrison County, Mississippi.

This is an action to recover for property damage that occurred during Hurricane Katrina. The Amended Complaint alleges that during October 2004, the plaintiffs applied for flood insurance through Defendant Allstate Insurance Company's (Allstate) local agent, Defendant Brenda Pace (Pace). This application for flood insurance coverage was made in connection with the plaintiffs' efforts to secure a second mortgage on their residential property.

Pace accepted the plaintiffs' application, and according to the complaint, Pace "agreed to furnish the flood insurance required. . . ." (Amended Complaint Paragraph 7) Plaintiffs allege further that Pace prepared and sent a document entitled "Certificate of Proof of Application for Flood Insurance" to the mortgage lender. This document provides, on its face, for two alternative provisions concerning the payment of the premium for this flood policy. The first alternative indicates that the required premium has been remitted to Allstate. The second alternative indicates that the required premium will be paid at the time the loan closing. Both alternatives have a "( )" to allow for an indication of which alternative is being followed. Plaintiffs allege that neither of these spaces was checked, so that the document did not indicate how the premium was to be paid. The loan was closed, but the premium for the flood policy was never paid, and no flood insurance policy was in effect at the time of Hurricane Katrina.

Plaintiffs allege that the premium for this flood policy was not paid because the certificate was improperly completed; they allege that Pace was responsible for the completion of the certificate; and they allege that Pace was negligent in failing to indicate one of the alternate methods of payment. (Amended Complaint Paragraph 15)

In deciding the merits of a motion to dismiss under F.R.C.P. 12(b)(6), the Court is required to accept all of the well pleaded allegations of the complaint as true and to grant the plaintiffs all reasonable inferences in support of their claim against the movant. The motion may be granted only if it appears that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief.

Without expressing any opinion on the merits of the plaintiffs' claim, I am of the opinion that under the standards applicable to a Rule 12(b)(6) motion, plaintiffs have pled an adequate theory of recovery against Pace.

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992); *See: Haggans v. State Farm Fire and Casualty Company*, 803 So.2d 1249 (Miss. 2002).

Plaintiffs' theory of recovery founded on their allegations of negligence is sufficient to establish an adequate legal foundation on which they may proceed against Pace. Of course, all fact questions concerning the plaintiffs' allegations, all questions of causation, all questions of contributory fault, and all questions of law that may be implicated by these disputed facts must be decided after a hearing on the merits of the plaintiffs' claim. I express no opinion on any of these issues. Likewise, I express no opinion on the merits of the plaintiffs' claim for fraud or spoilation of evidence.

I have considered whether this Court has federal question jurisdiction in light of the fact that the purchase of a flood insurance policy is at issue. Had the policy been issued by Allstate, the policy would likely have been issued under the National Flood Insurance Act. Federal question jurisdiction exists if plaintiffs are claiming that benefits are payable under a flood insurance policy issued pursuant to the National Flood Insurance Act. *Winkler v. State Farm Fire and Casualty Company*, 266 F.Supp.2d 509 (S.D.Miss.2003)

The relevant cases draw a distinction between claims related to the handling and adjustment of claims, for which the federal courts have exclusive jurisdiction, and claims related to the procurement of flood coverage, which fall outside federal jurisdiction under the National Flood Insurance Act. Compare *Winkler v. State Farm Fire and Casualty Company*, 266 F.Supp.2d 509 (S.D.Miss.2003) with *Landry v. State Farm Fire and Casualty Company,* 428 F.Supp.2d 531 (E.D.La.2006) on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006). *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005) does not change or invalidate this distinction.

      Since both Pace and the plaintiffs are resident citizens of Mississippi, and since the claims in this action are related solely to the procurement of flood insurance coverage and not to the adjustment of insured losses or the interpretation of the terms of a policy issued under the National Flood Insurance Act, this Court lacks subject matter jurisdiction to adjudicate this case.  Subject matter jurisdiction is a matter that cannot be waived by the parties, despite the failure of any party to seek remand of this action by an appropriate motion.

      Accordingly, this case must be remanded to the court from which it was removed.  An appropriate order will be entered.

      Decided this 25th day of October, 2006.

                                                                         s/ *L. T. Senter, Jr.*
                                                                        L. T. Senter, Jr.
                                                                        Senior Judge